# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

_____

WILLIAM S. PARKER,
a citizen of Michigan,

        Plaintiff,

v.

CARDIAC SCIENCE, INC.,
a Delaware corporation,

        Defendant.

_____

Civil Action No. 2:04-cv-71028 SFC/SDP
Honorable Sean F. Cox
Magistrate Judge Steven D. Pepe

**JURY TRIAL DEMANDED**

### CARDIAC SCIENCE, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT TO DISMISS WILLIAM S. PARKER'S CLAIM OF PATENT INFRINGEMENT FOR LACK OF STANDING

**PLEASE TAKE NOTICE** that at a time and date to be determined by this Court, Defendant Cardiac Science, Inc., will move the Court for a dismissal of Plaintiff's claims for lack of standing. Eric Chadwick and Scott Ulbrich, attorneys for Defendant Cardiac Science, and Christopher Lee, attorney for Plaintiff William Parker, met and conferred on July 7, 2006, regarding the nature of Defendant's motion. Mr. Chadwick requested, but did not obtain concurrence in, the relief sought from Mr. Lee.

This motion is based upon all the files, records, and proceedings herein, including Defendant's supporting documents to be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan.

**CARDIAC SCIENCE, INC.**

Dated:  July 10, 2006              By:       s/Eric H. Chadwick
                                            Gary D. Sharp
                                            **FOLEY & MANSFIELD**
                                            24255 West 13 Mile Road, Suite 200
                                            Bingham Farms, Michigan 48025
                                            Tel: (248) 540-9636
                                            Fax: (248) 540-9639

                                                    *and*

                                            Randall T. Skaar
                                            Eric H. Chadwick
                                            Scott G. Ulbrich
                                            **PATTERSON, THUENTE, SKAAR**
                                            **& CHRISTENSEN, P.A.**
                                            4800 IDS Center
                                            80 South 8th Street
                                            Minneapolis, Minnesota  55402-2100
                                            Tel: (612) 349-5740
                                            Fax: (612) 349-9266
                                            Primary Email: chadwick@ptslaw.com

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

_____

WILLIAM S. PARKER,
a citizen of Michigan,

       Plaintiff,

v.

CARDIAC SCIENCE, INC.,
a Delaware corporation,

       Defendant.

_____

Civil Action No. 2:04-cv-71028 SFC/SDP
Honorable Sean F. Cox
Magistrate Judge Steven D. Pepe

**JURY TRIAL DEMANDED**

## MEMORANDUM OF LAW IN SUPPORT OF CARDIAC SCIENCE'S MOTION FOR SUMMARY JUDGMENT TO DISMISS FOR LACK OF STANDING

## CONCISE STATEMENT OF ISSUES PRESENTED

The issue presented by this motion is whether Plaintiff has standing to have filed and to maintain his suit alleging patent infringement by Cardiac Science of United States Patent No. 4,588,383. The parties do not dispute that when the '383 patent issued in 1986, it had been assigned to a Delaware corporation known as The New Directions Group, Inc. By operation of law, on March 1, 1989, the State of Delaware declared void and inoperative all corporate powers of The New Directions Group for failure to pay taxes. Thus, after that date, The New Directions Group could not have assigned rights to the '383 patent. Parker has no evidence to demonstrate that The New Directions Group assigned rights in the '383 patent to him prior to March 1, 1989. Thus, Parker cannot demonstrate that he has ownership of the '383 patent. Without ownership of the '383 patent, Parker lacks standing to maintain his suit against Cardiac Science.

## STATEMENT OF CONTROLLING LEGAL AUTHORITY

Cardiac Science believes that the controlling and most appropriate legal authority that supports the relief sought in its motion is as follows:

1) Celotex Corp. v. Catrett, 477 U.S. 317 (1986);

2) Gaia Tech., Inc. v. Reconversion Tech., Inc., 93 F.3d 774 (Fed. Cir. 1996);

3) Bd. of Managers of Soho Int'l Arts Condo. v. City of New York, No. 01 Civ. 1226, 2005 WL 1153752 (S.D.N.Y. May 13, 2005);

4) Wax v. Riverview Cemetery Co., 24 A.2d 431 (Del. Super. Ct. 1942);

5) Fieldturf, Inc. v. Southwest Recreational Indus., Inc., 357 F.3d 1266 (Fed. Cir. 2004);

6) 35 U.S.C. § 261; and

7) Del. Code Ann. tit. 8, §§ 122, 501, 510.

## INTRODUCTION

Cardiac Science, Inc. ("Cardiac Science") files this motion for summary judgment to dismiss Plaintiff William S. Parker's ("Parker") claim for patent infringement of United States Patent No. 4,588,383 ("the '383 patent") for lack of standing. From the face of the '383 patent, The New Directions Group, Inc. ("New Directions") is identified as owner of the patent. Parker claims current ownership of the '383 patent resulting from an alleged 1988 assignment from New Directions, a Delaware corporation. Parker's claim of the alleged 1988 assignment is, however, unsupported by any evidence. Because patent assignments must be executed in writing pursuant to 35 U.S.C. § 261, the phantom 1988 assignment could not have conferred ownership rights to Parker.

Parker further grounds his claim of ownership upon a 1993 document filed with the U.S. Patent and Trademark Office that purports to ratify the 1988 assignment. By operation of law, however, New Directions' corporate charter was declared void and all of its corporate powers declared inoperative on March 1, 1989 as a result of its failure to pay its 1988 Delaware corporate franchise tax. Thus, the purported nunc pro tunc 1993 ratification of the 1988 assignment was void ab initio.

Parker cannot demonstrate that New Directions ever transferred ownership of the '383 patent to him. As such, Parker cannot carry his burden of proving that he has standing to maintain this lawsuit. Because Parker cannot demonstrate that he has standing due to ownership of the '383 patent, the Court lacks jurisdiction over this matter. Accordingly, Cardiac Science respectfully requests that the Court dismiss the matter.

## FACTUAL BACKGROUND

1.	On March 20, 1981, Tarrytown Consulting Group, Inc. ("Tarrytown") filed a Certificate of Incorporation with the Secretary of State of Delaware. Declaration of Eric H. Chadwick ("Chadwick Decl."), Ex. A. Tarrytown filed a certificate of amendment with the Delaware Secretary of State to change its name to The New Directions Group, Inc. on August 19, 1982. Id.

2.	New Directions is "no longer in existence and good standing under the laws of the state of Delaware having become inoperative and void the first day of March, A.D. 1989 for non-payment of taxes." Id.

3.	The application that matured into the '383 patent was filed with the United States Patent and Trademark Office on April 30, 1984. Chadwick Decl., Ex. B. Prior to its May 13, 1986 issuance, the patent was assigned from the named inventors, Howard M. Stillman ("Stillman") and Parker to New Directions. Id.

4.	Stillman, Parker and Dr. Abbas Nadim ("Nadim") were shareholders of New Directions from its inception. Chadwick Decl., Ex. C. In 1988, Nadim was an employee and shareholder of New Directions. Chadwick Decl., Ex. D.

5.	In July 1993, Parker filed a document entitled "Assignment" with the U.S. Patent and Trademark Office. Chadwick Decl., Ex. E. The 1993 document, which was signed by Parker ostensibly acting as President of New Directions, purported to ratify and affirm that New Directions had "sold, assigned and transferred" the '383 patent to Parker on December 31, 1988. Id.

6. Parker has produced no document in this litigation dated from 1988 that demonstrates a transfer of rights in the '383 patent from New Directions to Parker.

7. Stillman testified at his recent deposition that he had no knowledge of how the purported 1988 transfer of patent rights from New Directions to Parker occurred. Chadwick Decl., Ex. F, pp. 261-62. Stillman further testified that he had never seen a document that transferred patent rights from New Directions to Parker in 1988. Id. at pp. 263-64.

8. Nadim testified at his recent deposition that he had no recollection of any transfer of patent rights in 1988 from New Directions to Parker. Chadwick Decl., Ex. D, pp. 45-46. Nadim further testified that he was "definitely" certain that he never signed a document that transferred such rights from New Directions to Parker. Id. at p. 46.

9. In response to Cardiac Science's Interrogatory No. 4, which requests identification of "all facts and persons who will testify to support" Parker's contention that he has standing to sue, Parker stated, in part, that "[b]oth Messrs. Parker and Stillman assigned all rights and interest in their inventions to New Directions Group, a company owned and operated by both inventors. Several years later, New Direction [sic] Group assigned all its rights and interest to the '383 patent to Mr. Parker." Chadwick Decl., Ex. G. In support of his interrogatory answer, Parker cited only the following documents: (1) an April 1984 assignment from Parker and Stillman to New Directions (PARKER 000126-000127), Chadwick Decl., Ex. I; (2) the 1993 "Assignment" (PARKER 000129-000130); and (3) a July 29, 2004 Quitclaim Deed assigning any rights in the '383 patent from Stillman to Parker (PARKER 000131-000132), Chdwick Decl., Ex. J. See Chadwick Decl., Ex. G.

6

10.     Parker sued Cardiac Science for infringement of the '383 patent on March 19, 2004.  Docket No. 1.

## LEGAL STANDARD

To bring an action for patent infringement, a party must be either the patentee, a successor in title to the patentee, or an exclusive licensee of the patent at issue. Fieldturf, Inc. v. Southwest Recreational Indus., Inc., 357 F.3d 1266, 1268 (Fed. Cir. 2004).  The party invoking Federal jurisdiction bears the burden of establishing standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Summary judgment shall issue if "there is no genuine issue of fact and [] the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A movant has the burden of showing that no genuine issue of material fact exists.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A nonmovant "must set forth specific facts showing that there is a genuine issue for trial."  See Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  A nonmovant "must do more than merely raise some doubt as to the existence of a fact; evidence must be forthcoming from the nonmovant which would be sufficient to require submission to the jury of the dispute over the fact."  Avia Group Int'l, Inc. v. L.A. Gear California, Inc., 853 F.2d 1557, 1560 (Fed. Cir. 1988).  The evidence must be viewed in a light most favorable to the nonmavant and all reasonable inferences must be drawn in the nonmovant's favor.  Id.

7

**ARGUMENT**

I. **PARKER LACKS STANDING TO MAINTAIN THIS LAWSUIT BECAUSE HE CANNOT DEMONSTRATE HIS OWNERSHIP OF THE '383 PATENT AT THE TIME SUIT WAS COMMENCED.**

Parker must demonstrate that he possessed ownership of the '383 patent at the time he commenced this lawsuit to meet his jurisdictional burden. There are no facts, however, to which Parker can cite to prove the existence of a valid assignment to him from New Directions that conveyed standing upon him to sue Cardiac Science for infringement of the '383 patent.

A. **There Was No Conveyance of Title to the '383 Patent from New Directions to Parker in 1988.**

There is no documentary proof to substantiate an assignment of the '383 patent from New Directions to Parker in 1988. Documentary proof is required because the law mandates that to be valid, a patent assignment must be in writing. Gaia Tech., Inc. v. Reconversion Tech., Inc., 93 F.3d 774, 777 (Fed. Cir. 1996); 35 U.S.C. § 261. To date, Parker has failed to produce a written copy of an alleged 1988 assignment conveying rights in the '383 patent from New Directions to him. In fact, when asked what facts he would rely on to demonstrate standing, Parker did not identify a 1988 assignment. Chadwick Decl., Ex. G.

The only evidence of record, aside from Parker's uncorroborated contention, that even refers to the existence of a 1988 assignment from New Directions to Parker is a reference in a July 1993 "Assignment" filed with the U.S. Patent & Trademark Office.[1] Chadwick Decl., Ex.

---

[1] Parker's labeling of the 1993 document as an "Assignment" was a misnomer because it merely purports to ratify the phantom 1988 assignment and does not purport to assign rights as of 1993. Whether or not the "Assignment" actually transfers rights, however, is irrelevant because it was executed after the State of Delaware declared New Directions' corporate powers void and inoperative and, as such, was defective.

8

E.  The document, created by Parker in 1993 to ratify the nonexistent 1988 assignment, recites that "on December 31, 1988, for good and valuable consideration, the receipt and sufficiency of which was acknowledged by The New Directions Group, Inc., The New Directions Group, Inc. has sold, assigned and transferred . . . the entire right, title and interest in and to [the '383 patent]." Id.  Moreover, in what looks to be a statement of the Notary Public who notarized the document, it appears that Parker represented that the 1988 assignment occurred pursuant to a "resolution of the Board of Directors" of New Directions. Id.  Parker's post hoc attempt to ratify the alleged 1988 assignment, without written evidence of the earlier assignment does not permit him to meet his burden of proving that legal title to the '383 patent was conveyed in 1988. See Gaia, 93 F.3d at 779-780.

The Federal Circuit considered the issue of standing in a case where the plaintiff had a quantum of evidence much greater than Parker and yet still found that the plaintiff lacked standing. In Gaia, the plaintiff filed suit for patent infringement on October 20, 1993. Id. at 775. On October 24, 1994 the plaintiff's attorneys filed a recordation of assignment with the U.S. Patent & Trademark Office attesting that the patent in suit was assigned to the plaintiff with an effective date of August 4, 1991. Id. at 778-779.  The plaintiff's claim that the assignment was effective some three years earlier was based on shareholder and board of director meeting minutes produced in the lawsuit that demonstrated a corporate intent to assign to the plaintiff the rights to the patent in suit. Id.  In rejecting the plaintiff's argument, the Court of Appeals for the Federal Circuit held that the minutes were "at most, [] a memorialization of an agreement to sell" and that "[s]uch an agreement to assign is not an assignment." Id. at 779.  The Court further held

9

that the nunc pro tunc assignment of the patent rights on October 24, 1994 was ineffective to retroactively remedy the matter. Id. at 779-780.

Like the plaintiff in Gaia, Parker seeks to use a later (1993) writing to prove the existence of an earlier (1988) assignment because of his inability to produce a written copy of the alleged earlier assignment. Unlike the plaintiff in Gaia, however, Parker has no evidence upon which to attempt to corroborate his 1988 assignment allegation. Worse yet, Parker's business colleague, employee and shareholder of New Directions, Dr. Abbas Nadim, testified that he had no recollection of a 1988 transfer of patent rights from the corporation to Parker, but that he was "definitely" certain that he never signed a document effecting such a transfer in 1988. Chadwick Decl., Ex. D, pp. 45-46. Likewise, Parker's business colleague, employee and shareholder of New Directions, Howard Stillman, testified that he had never seen a 1988 document that transferred rights from New Directions to Parker. Chadwick Decl., Ex. F, pp. 263-64.

Parker's allegation of an assignment is all that exists. A plaintiff's uncorroborated allegation of ownership cannot meet the legal requirements to demonstrate standing. Gaia, 93 F.3d at 780 ("relevant statutes require an assignment of patents and registered trademarks to be in writing.") Thus, Parker cannot establish conveyance of title in the '383 patent from New Directions to him by virtue of a 1988 assignment.

> **B.   On March 1, 1989 All Corporate Powers Conferred Upon New Directions Became Inoperative by Operation of Delaware Corporate Law; Thus, Any Purported Subsequent Corporate Assignments to Parker Were Invalid.**

New Directions could not have conveyed to Parker title to the '383 patent in 1993 because it was an inoperative and void corporation. Delaware law requires all Delaware corporations to pay an annual franchise tax to remain in good standing. Del. Code Ann. tit. 8, §

10

501. By operation of law, when a corporation fails to pay the state franchise tax, "the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative." Id., § 510.  A void corporate status, which is distinct from dissolution, renders the attempted exercise of corporate powers a criminal offense and places the corporation "in a state of coma from which it can be easily resuscitated." Board of Managers of Soho Int'l Arts Condo. v. City of New York, No. 01 Civ. 1226, 2005 WL 1153752, at *11 (S.D.N.Y. May 13, 2005) (finding void Delaware corporation owner of copyrighted work of art despite certificate from secretary of state that corporation was no longer "in existence and good standing under the laws of the State of Delaware having become inoperative and void the first day of March, A.D. 1984 for non-payment of taxes"), quoting Wax v. Riverview Cemetery Co., 24 A.2d 431, 436 (Del. Super. Ct. 1942), see Chadwick Decl., Ex. H.  While in this "state of coma," the corporation cannot exercise any corporate powers, however, "it still can serve as repository of title." Id.

Similar to the facts in Board of Managers, New Directions "is no longer in good standing under the laws of the State of Delaware having become inoperative and void the first day of March, A.D. 1989 for non-payment of taxes."  Chadwick Decl., Ex. A.  Thus, since March 1, 1989, and continuing to the present day, New Directions has lacked power to transact corporate business.  DEL. CODE ANN. tit. 8, § 510.  Among New Directions' corporate powers that became inoperative on March 1, 1989 was its ability to "sell, convey, lease exchange, transfer or otherwise dispose of . . . all or any of its property and assets, or any interest therein." Id., § 122.  Thus, to be valid, any assignment of rights to the '383 patent from New Directions to Parker would have had to have occurred prior to March 1, 1989.

Because New Directions became "inoperative and void" on March 1, 1989, the 1993 "Assignment" that purported to assign rights from the corporation to Parker was void <u>ab initio</u>. Parker, who executed the 1993 document as President of New Directions, lacked power to convey the asset because the corporate charter had ceased to exist some four (4) years earlier, thereby divesting New Directions of its power to transfer the asset. Del. Code Ann. tit. 8, § 510; Chadwick Decl., Ex. A. Thus, Parker cannot establish conveyance of title in the '383 patent from New Directions to him by virtue of the 1993 document filed with the U.S. Patent & Trademark Office.

## II. BECAUSE PARKER DOES NOT OWN THE '383 PATENT, HE LACKS STANDING AND THIS SUIT SHOULD BE DISMISSED.

Before the Court can consider the merits of the '383 patent infringement claim, it must affirmatively determine the "threshold jurisdictional issue" of whether Parker has standing to sue. <u>Myers Investigative & Sec. Servs., Inc. v. United States</u>, 275 F.3d 1366, 1369 (Fed. Cir. 2002). Parker bears the burden of demonstrating that he has standing. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). To establish standing, Parker must demonstrate that he was the owner of the '383 patent when suit was filed in March 2004. <u>Paradise Creations, Inc. v. UV Sales, Inc.</u>, 315 F.3d 1304, 1308 (Fed. Cir. 2003).

As demonstrated by the facts of record, Parker cannot demonstrate that he owned the '383 patent at commencement of this suit in March 2004. Parker lacks standing to sue for infringement of the '383 patent. Thus, Cardiac Science respectfully requests that this Court dismiss the litigation without further delay.

## CONCLUSION

Parker does not own the '383 patent that he has accused Cardiac Science of infringing. Because he does not own the '383 patent, he lacks standing to maintain this suit. Moreover, Parker's lack of standing divests this Court of jurisdiction to adjudicate the matter. Accordingly, Cardiac Science respectfully requests that the matter be dismissed without delay.

Respectfully submitted,

**CARDIAC SCIENCE,**

Dated: July 10, 2006      By:   s/Eric H. Chadwick
                        Gary D. Sharp
                        **FOLEY & MANSFIELD**
                        24255 West 13 Mile Road, Suite 200
                        Bingham Farms, Michigan 48025
                        Tel: (248) 540-9636
                        Fax: (248) 540-9639

*and*

Randall T. Skaar
Eric H. Chadwick
Scott G. Ulbrich
**PATTERSON, THUENTE, SKAAR
& CHRISTENSEN, P.A.**
4800 IDS Center
80 South 8th Street
Minneapolis, Minnesota  55402-2100
Tel: (612) 349-5740
Fax: (612) 349-9266
Primary Email: chadwick@ptslaw.com

13

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

_____

WILLIAM S. PARKER,

        Plaintiff,                   Civil Action No. 2:04-cv-71028 SFC/SDP
                                                    Honorable Sean F. Cox

v.                                                        Magistrate Judge Steven D. Pepe

CARDIAC SCIENCE, INC.,                    **JURY TRIAL DEMANDED**

        Defendant.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on **July 10, 2006,** I caused the following documents:

1. Defendant's Notice of Motion and Motion for Summary Judgment to Dismiss for Lack of Standing;
2. Memorandum of Law in Support of Motion for Summary Judgment to Dismiss for Lack of Standing;
3. Declaration of Eric H. Chadwick with Exhibits A-J (Note: Exhibits C, D, F, G and J are *FILED UNDER SEAL*);
4. Index of Defendant's Exhibits; and
5. Certificate of Service,

to be electronically filed with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Mr. Lawrence R. Jordan                         Ms. Patrice S. Arend
Mr. Peter M. Falkenstein                      JAFFE, RAITT, HEUER & WEISS, P.C.
JAFFE, RAITT, HEUER & WEISS, P.C.       27777 Franklin Road
Suite 300                                                Suite 2500
201 South Main                                Southfield, MI  48034-8214
Ann Arbor, MI 48104

I further certify that a copy of the above documents were provided by U.S. Mail, postage prepaid, to the following counsel:

| | |
|---|---|
| Mr. Gary D. Sharp | Mr. David J. Sheikh, Esq. |
| FOLEY & MANSFIELD | NIRO, SCAVONE, HALLER & NIRO |
| Suite 200 | Suite 4600 |
| 24255 West 13 Mile Road | 181 West Madison Street |
| Bingham Farms, MI 48025 | Chicago, IL  60602-4515 |

**CARDIAC SCIENCE, INC.**

Dated:   July 10, 2006         By:   s/ Eric H. Chadwick
                                                Gary D. Sharp
                                                **FOLEY & MANSFIELD**
                                                24255 West 13 Mile Road, Suite 200
                                                Bingham Farms, Michigan 48025
                                                Tel: (248) 540-9636
                                                Fax: (248) 540-9639

                                                        *and*

                                                Randall T. Skaar
                                                Eric H. Chadwick
                                                Scott G. Ulbrich
                                                **PATTERSON, THUENTE, SKAAR**
                                                **& CHRISTENSEN, P.A.**
                                                4800 IDS Center
                                                80 South 8th Street
                                                Minneapolis, Minnesota  55402-2100
                                                Tel: (612) 349-5740
                                                Fax: (612) 349-9266
                                                Primary Email: chadwick@ptslaw.com