UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Williams S. Parker,

      Plaintiff,

v.                                                               Case No. 04-71028

Cardiac Science, Inc.,                        Honorable Sean F. Cox

      Defendant.
_____/

**OPINION & ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TO DISMISS FOR LACK OF STANDING**

Plaintiff William S. Parker ("Parker") filed this patent infringement action against

Defendant Cardiac Science, Inc. ("Cardiac Science") on March 19, 2004.  Parker claims that he

owns, and has standing to sue for, infringement of United States Patent No. 4,588,383 ("the '383

Patent"), titled "Interactive Synthetic Speech CPR Trainer/Prompter and Method of Use."  Parker

claims that Cardiac Science has made and sold automatic external defibrillators ("AEDS") that

infringe on the '383 Patent.  The matter is currently before the Court on Defendant Cardiac

Science's Motion for Summary Judgment to Dismiss for Lack of Standing.   Defendant contends

that this action must be dismissed because Plaintiff does not own the patent in question and he

therefore lacks standing to bring this action.  For the reasons set forth below, Defendant's Motion

shall be **DENIED**.

BACKGROUND

In March, 1981, Tarrytown Consulting Group ("Tarrytown")  was incorporated in the

State of Delaware.  Tarrytown consisted of six partners: Gifford Pinchot III, Robert Schwartz,

Ronald Pellman, Harold Stillman, Abbas Nadim, and Parker.  The company changed it name to

th e New Directions Group, Inc. ("New Directions") on August 19, 1982.  On June 29, 1984,

Parker was elected President of New Directions.

The '383 Patent was issued on May 13, 1986, to New Directions.  (Ex. E to Pl.'s Resp.).

Parker claims that on December 31, 1988, the '383 Patent was orally assigned to him.  (Parker

Decl., attached Pl.'s Ex. F, at ¶ 28).  He admits, however, that no documents reflecting the

assignment were executed at that time.  (*Id*.).

It is undisputed that the Secretary of State of Delaware declared New Directions void and

inoperative as of March 1, 1989, for non-payment of taxes.  (Ex. P to Pl.'s Resp.).

On July 19, 1993, Parker filed a document titled "Assignment" with the United States

Patent and Trademark Office ("the 1993 Assignment").  (Ex. T to Pl.'s Resp.).  The 1993

Assignment, which was signed on June 16, 1993,  stated that New Directions is the record owner

of the '383 Patent.  It further states that on December 31, 1988, all rights to the '383 Patent were

assigned to Parker.  The 1993 Assignment purports to "ratify and affirm that on December 31,

1998" the '383 Patent was assigned to Parker and that the assignment is "to be effective, as of the

31ˢᵗ day of December 1988."  It is signed by Parker as New Directions' President.

On July 10, 2006, Cardiac Science filed a "Motion for Summary Judgment to Dismiss

William S. Parker's Claim of Patent Infringement for Lack of Standing," in which it asserts that

Parker does not own the patent at issue in this case and therefore lacks standing to bring this

action.

ANALYSIS

Standing is a threshold jurisdictional issue and both parties agree that Parker, as the party

invoking federal jurisdiction, bears the burden of establishing standing. *Myers Investigative and*

*Security Svs, Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir.[1] 2002). "[I]n order to assert

standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to

the patent *at the inception of the lawsuit*." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d

1304, 1309 (Fed. Cir. 2003)(emphasis in original).

The Patent Act provides that only a patentee shall have a remedy by civil action for

infringement of his patent. *Id*. at 1308. "Under 35 U.S.C. §100(d), '[t]he word patentee includes

not only the patentee to whom the patent was issued but also the successors in title to the

patentee.'" *Id*.

It is undisputed that a patent assignment must be in writing in order to be valid. 35

U.S.C. §261. Thus, if there was a valid written assignment of the '383 Patent from New

Directions to Parker before this action was filed, Parker has standing to bring this patent

infringement action.

Cardiac Science asserts that there is no valid written assignment in which ownership of

the '383 Patent was transferred from New Directions to Parker because: 1) the purported 1988

assignment was oral and therefore insufficient to constitute an assignment by itself; and 2) as of

March 1, 1989, New Directions was void and inoperable, and therefore after that date New

---

[1]"The Federal Circuit has exclusive jurisdiction over an appeal from a district court when
that court's jurisdiction is based at least in part on a claim arising under the patent laws of the
United States." *3D Systems, Inc. v. Aarotech Laboratories, Inc*., 160 F.3d 1373, 1377 (Fed. Cir.
1998).

Directions could not have assigned the patent to Parker.  Thus, it asserts that the 1993

Assignment, purporting to ratify and affirm the oral assignment, is void and unenforceable.

It is undisputed that the Secretary of State of Delaware declared New Directions void and

inoperative as of March 1, 1989, for non-payment of taxes.  (Ex. P to Pl.'s Resp.).  That was

done pursuant to 8 Del. C. §510 which provides that if any corporation neglects or refuses to pay

the State any franchise tax or taxes, "the charter of the corporation shall be void, and all powers

conferred by law upon the corporation are declared inoperative."  Delaware courts have

interpreted that statute to mean that "upon forfeiture of a charter for failure to pay franchise

taxes, all of the corporation's powers become inoperative." *Krapf & Son, Inc. v. Gorson*, 243

A.2d 713, 715 (Del. 1968).

Section 510, however, "must be read in the light of 8 Del. C., §312 which provides for a

method of reinstating corporate charters which have been forfeited.  Subsection (e) provides that

upon reinstatement of a charter all contracts and other matters done and performed by the

corporate officers during the time the charter was inoperative shall be validated." *Krapf*, 243

A.2d at 715.  In other words, "the performance of corporate acts following forfeiture is wrongful

at the time, but the later reinstatement of the charter validates the corporate acts." *Id.*

Delaware courts have explained that under the statute, "a corporation which has been

proclaimed for non-payment of taxes is not completely dead.  It is in a state of coma from which

it can be easily resuscitated, but until this is done its powers as a corporation are inoperative, and

the exercise of these powers is a criminal offense.  It still can serve as repository of title and as

obligor of a debt." *Wax v. Riverview Cemetery Co.*, 24 A.2d 431, 436 (Del. Sup. 1942).

Examination of Delaware decisions discussing the applicable statute leads the Court to

believe that the statute cannot be applied as Defendant requests here.

In *Krapf*, it was argued that the statute making it a crime to exercise corporate powers of a corporation whose charter has been forfeited prevents the making of a binding commitment by a proclaimed corporation.  The court, however, rejected that argument, stating "the statute has no bearing in a contest between private parties.  It is a remedy given the state against a corporation, the officers of which persist in exercising its corporate powers after the charter forfeiture." *Krapf*, 243 A.2d at 715.   The Supreme Court of Delaware further stated that "failure to pay franchise taxes *is an issue solely between the corporation and the State* since *the franchise tax statutes are for revenueraising purposes alone*." *Id*. (emphasis added).   Significantly, the court also stated: "[w]e think it clear that in the absence of fraud or bad faith *a corporate officer may enter into a contract binding on the corporation, even after forfeiture of the charter*, particularly when, as at bar, the forfeiture came about by inadvertence." *Krapf*, 243 A.2d at 715.  (emphasis added.)  If a contract entered into by a corporate officer after the forfeiture of the charter is considered binding on the corporation under Delaware law, there is no principled reason why an assignment executed by a corporate officer after an inadvertent[2] forfeiture should not be similarly upheld and enforced.

Cardiac Science has not provided any authority to establish that a private party can use the statute at issue as it seeks to do here.  It has not cited a single decision from a Delaware court, or any other court, that has applied the Delaware statute as it asks the Court to do here.  Indeed, at the November 9, 2006 hearing, counsel for Defendant acknowledged that there are no

---

[2]At the hearing, Defense counsel acknowledged that, like the forfeiture in *Krapf*, the failure to pay taxes was not deliberate and there was no bad faith involved.

Delaware decisions in which a court has held that because a corporation executed a contract or assignment after forfeiture for non-payment of taxes, that contract or assignment is invalid or unenforceable.  Moreover, as discussed above, the above language in *Krapf* appears to compel a contrary result.

The Court also believes that  *Magnuson* further supports Plaintiff's position.  *Magnuson v. Video Yesteryear,* 85 F.3d 1424 (9th Cir. 1996).  As that court noted, it would be "anomalous to permit a third party infringer" to invoke the writing requirement in a situation where, as here, the parties to the purported transfer of intellectual property do not dispute the transfer.

For these reasons, the Court concludes that the 1993 Assignment is valid and enforceable. Parker therefore owns the patent at issue and has standing.

<u>CONCLUSION & ORDER</u>

For the reasons set forth above, Defendant's Motion for Summary Judgment to Dismiss for Lack of Standing [Docket Entry No. 54] is DENIED.

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated:  November 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2006, by electronic and/or ordinary mail.

> S/Jennifer Hernandez
> Case Manager